IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EFRAIN RAMOS-GUTIERREZ, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 3:CV-18-413 |
| CRAIG LOWE, | : | (Judge Conaboy) |
| Respondent | : | |

FILED
SCRANTON
JUN 0 1 2018
Per_____
DEPUTY CLERK

### MEMORANDUM
### Background

Efrain Ramos-Gutierrez filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined by the Bureau of Immigration and Customs Enforcement (ICE) at the Pike County Prison, Lords Valley, Pennsylvania. Named as Respondent is Warden Craig Lowe of the Pike County Prison. Service of the petition was previously ordered.

Petitioner, a native of Guatemala, alleged that because there is no likelihood that he will be deported in the foreseeable future, his continued indefinite detention by the ICE pending completion of his removal proceedings was unconstitutional pursuant to the standards announced in Demore v. Kim, 538 U.S. 510, 531 (2003) and Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015). As relief, Ramos-Gutierrez sought his immediate release.

1

## Discussion

On May 30, 2018, Respondent filed a "Suggestion of Mootness." Doc. 7, p. 1. The notice states that Petitioner was removed from the United States on April 4, 2018. See id. Attached to the notice is a copy of an Warrant of Removal/Deportation showing that Petitioner was removed from this couintry on April 4, 2018. See Doc. 7-1. Accordingly, Respondent contends that since Petitioner is no longer in ICE custody, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the

2

complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Ramos-Gutierrez sought his immediate release from ICE detention pending completion of his removal proceedings. Since Petitioner has been removed from the United States, under the principles set forth in Steffel, his instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: JUNE 1st, 2018

3